IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In the matter of:

Cape Bruny Tankschiffarts GmbH and Co. KG;
   and
Cape Bruny Shipping Company Ltd.
for Exoneration From or Limitation of Liability
as Owner and Bareboat Charterer of the
M/T Cape Bruny

    Plaintiffs-Petitioners

Civil Num. 2010-_____.
In Admiralty
28 USC § 1333;
46 USC §§ 30501-30512;
Supplemental Rule F

**COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE COURT:

The plaintiff-petitioners, Cape Bruny Tankschiffarts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., as owner and bareboat charterer of the M/T "Cape Bruny", respectively, through the undersigned attorneys, respectfully state, inform and pray as follows:

I.      JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333.  This action is one within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims; and Rule F of the Local Rules for the District of Puerto Rico.

2.      Pursuant to Rule F(9) of the Supplemental Rules, this Complaint is within the venue of this Court as the M/T Cape Bruny, the vessel upon which the instant Complaint is premised, has been, or will be, found within this Judicial District.  Venue

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                      Page -2-
================================================================

is also proper before this District Court because the appearing plaintiffs-petitioners

have been sued in this Judicial District as is more fully set forth below.


II.   PARTIES

3.    At all times material hereto, Cape Bruny Tankschiffarts GmbH

and Co. KG (hereinafter "CBT") was and is a corporation organized and existing

under the laws of the Federal Republic of Germany with a principal place of business

at Hamburg, Germany.  At all material times Cape Bruny Shipping Company Ltd.,

(hereinafter "CBS") was and is a corporation organized and existing under the laws

of The Marshall Islands, with its principal place of business at Hamburg, Germany,

(collectively also herein referred to as the "*Cape Bruny* plaintiffs").

4.    At all times material to this action CBT was the owner of the *M/T Cape*

*Bruny*.  At all times material to this action CBS was the bareboat charterer of the

*M/T Cape Bruny*, (her engines, boiler, tackle, apparel, appurtenances, and

furniture), and manned, victualed, and navigated said vessel, and was also the

"owner" thereof within the meaning of 46 U.S.C. §30501.


III.  FACTS

5.    At all times material to this action the *M/T Cape Bruny*, bearing official

registered International Maritime Organization number 90242, was a diesel-propelled

double hull steel tanker vessel, of 25108 gross tons; 175.93 meters in overall length;

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                    Page -3-
==============================================================

11.050 meters in draft; built in 2004, and duly registered under the registry statutes of The Marshall Islands.

6.     The *Cape Bruny* plaintiffs in the present action have been named as defendants, but have not been formally served with process, and have not entered an appearance, in Civil Actions 09-2092; 09-2095; 09-2096; 09-2215; and 10-1030.  All of these cases are presently pending before this District Court.  There are other known cases pending before this District Court which contain allegations, and which name certain parties, which are said to be related to the ownership or control of the *M/T Cape Bruny*, these being Civil Actions 09-2118 and 10-1207.  The claims alleged against the *M/T Cape Bruny* and the *Cape Bruny* plaintiffs are in excess of the value of the *M/T Cape Bruny*, plus its pending freight at the end of the voyage that is the subject of this complaint.

7.     The *Cape Bruny* plaintiffs have received notice of claims in writing against them by way of copies of the Complaints (or Amended Complaints) and requests for voluntary waiver of service in some of the above listed civil actions.

8.     The *M/T Cape Bruny* has not been attached or arrested to answer for any claim arising out of the voyage that is the subject of this Complaint.

9.     The *M/T Cape Bruny* has been or will be located in the District of Puerto Rico at times material to, or during the pendency of, the present action.

10.     The incident involving the *M/T Cape Bruny* that is the subject of this Complaint is alleged to have occurred in the navigable waters of the Commonwealth of Puerto Rico.

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                    Page -4-
=============================================================

11.    This District Court has jurisdiction over the *Cape Bruny* plaintiffs and the *M/T Cape Bruny*.

12.    At all times material hereto, the *Cape Bruny* plaintiffs have taken all necessary action and have exercised due diligence to make and maintain the *M/T Cape Bruny*, in all respects, seaworthy and fit and proper for the service in which it was engaged.

13.    At all times material hereto, the *M/T Cape Bruny* was, in all respects, seaworthy, properly manned and efficiently supplied, equipped and furnished, fitted with suitable machinery, tackle, apparel, gear, pumps, appliances, etc., all in good order and condition and suitable for the purpose for which it was employed.

14.    On or about October 23, 2009 the *M/T Cape Bruny* was engaged in the discharge of unleaded gasoline into an oil storage tank farm facility owned and operated by the Caribbean Petroleum Corporation and/or Caribbean Petroleum Refining LP (hereinafter collectively "CPC/CPR").  This cargo was carried on a voyage from Sines, Portugal, that commenced on or about October 9, 2009.  The cargo aboard the *M/T Cape Bruny* on this voyage was destined in its entirety to be discharged at San Juan Harbor, Puerto Rico.

15.    The *M/T Cape Bruny* carried its cargo to the CPC/CPR facility at the instructions of a voyage charterer, and presumed owner of the cargo, Repsol Petroleo, S.A.; which carriage was undertaken pursuant to a modified Repsol ASBATANKVOY Charter Party form.

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                          Page -5-
================================================================

16.     On the evening of October 22-23, 2009, the *M/T Cape Bruny* was engaged in the discharge of its cargo with all its equipment and personnel fit and fully competent for its intended tasks and with all regulations, statutes, conventions and industrial best-practices fully in place, understood, observed, followed, and put into effect.

17.     During the early morning hours of October 23, 2009 there occurred an explosion and fire at the CPC/CPR tank farm facilities.  At the time of this incident the *M/T Cape Bruny* had not yet discharged all of its cargo into the facility.  The *M/T Cape Bruny* was thereafter instructed by the owners of the cargo to discharge the balance of the cargo at the Port of Guayanilla, Puerto Rico.

18.     The aforesaid alleged incident and resulting losses, damages, injuries and expenses, if any, were neither caused, nor contributed to, by any fault, error, omission or negligence on the part of the *M/T Cape Bruny*, the *Cape Bruny* plaintiffs, or any person or entity for which the *M/T Cape Bruny* or the *Cape Bruny* plaintiffs are, or would be, responsible.

19.     The fire and explosion at the CPC/CPR facility was caused only and exclusively by the improper and negligent monitoring and/or overfilling of one or more storage tanks at the oil storage tank facility by the owners, operators, managers, agents, servants, contractors, and/or employees of this storage tank facility, and also by the failure of these parties to maintain adequate and trained personnel and properly functioning measuring and safety equipment and sufficient and adequate operational methods and practices.

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                    Page -6-
================================================================

20.     On or before October 23, 2009 the *M/T Cape Bruny* and the *Cape Bruny*
plaintiffs did not know of, and reasonably had no reason to know of, the fault, errors,
omissions and negligence of the entities and parties set out in paragraph 19 above.
There is no law, statute, legal doctrine, regulatory provision, or any norm imposed by
international convention, treaty or industry standard that imposed a duty on a vessel
to supervise, direct, control, oversee, or follow the operational procedures and acts of
an oil storage tank facility during cargo loading and discharge operations.

21.     During the course of the discharge on October 22-23, 2009 the *M/T Cape
Bruny* vessel personnel provided all the proper and accurate information and
documents to the receiving facility and were in constant communication with the
receiving facility as required by statute and regulation, at all times maintaining a
vigilant, trained and competent watch on the discharge of its cargo, and at all times
following legitimate instructions from the receiving facility.   At no time did the
*M/T Cape Bruny* receive information that the terminal had any equipment or personnel
problems; nor, otherwise, was there any cause to suspect at any time that such
problems were occurring at the CPC/CPR facility.

IV.     CAUSE OF ACTION AND RELIEF SOUGHT

22.     The suits listed in paragraph six (6) above are active and pending.
In these suits it is claimed that the *M/T Cape Bruny* knew or should have known of a
dangerous and unsafe condition prevailing at the CPC/CPR facility on or before October

23, 2009.  Any and all allegations of this nature are without any basis whatsoever in fact or in law.

23.     This Petition-Complaint is filed within six months after the date that the *Cape Bruny* plaintiffs first received written notice evidencing a claim against them as a result of the above-described incident.

24.     The *M/T Cape Bruny* and the *Cape Bruny* plaintiffs have no direct, indirect or vicarious fault, responsibility or liability for the explosion and fire that occurred on October 23, 2009 at the oil storage facility nearly 3 kilometers inland from the marine berth.

25.     The *Cape Bruny* plaintiffs specifically claim the benefits of exoneration from or limitation of liability provided for in 46 U.S.C. §§ 30501-30512 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all statutes and rules amendatory thereof and supplementary thereto.

26.     The *Cape Bruny* plaintiffs further specifically allege that this Petition-Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on their behalf, but also on behalf of their liability insurers and underwriters, shareholders, managers and agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner and the bareboat charterer, and their liability in the premises, if any, shall, accordingly, not exceed that of the liability of the *Cape Bruny* plaintiffs, if any.

27.     The *M/T Cape Bruny* was not in any way at fault or liable for the cause of the explosion at the CPC/CPR facility; which fault could not have been known by

reasonable inquiry or inspection; but if it was at fault, such fault was not done, occasioned or incurred with the privity or knowledge of the plaintiffs-petitioners, the Master of the vessel, the owner's superintendent or managing agent.

28.     The *M/T Cape Bruny* was not damaged or lost as a result of the subject incident.  The *Cape Bruny* plaintiffs assert that the value of the subject vessel was twenty five million US dollars ($25,000,000.00 USD), or less, on October 23, 2009, the date of the incident which gave rise to this exoneration and limitation action, and at the end of the voyage upon which it was engaged.  The *Cape Bruny* plaintiffs know of no reason or facts to suggest the value of the subject vessel has increased or appreciated.

29.     The *Cape Bruny* plaintiffs have agreed with the majority of the plaintiffs listed in the civil actions listed in paragraphs six (6) above as to the form of security required by Supplemental Rule F(1).

30.     The Cape Bruny plaintiffs, offer and file contemporaneously herewith as *Ad Interim Stipulation* with an original Letter of Undertaking as security for the aggregate amount of twenty seven million seventeen thousand two hundred seventy five US dollars with fifty eight cents ($27,017,275.58 USD), representing the value of the plaintiffs in the subject vessel at the termination of the voyage that is the subject of this Petition Complaint [twenty five million US Dollars ($25,000,000.00 USD)]; the value of the pending freight at the conclusion of the voyage [four hundred eighty seven thousand nine hundred ninety five US dollars with eighty three cents ($487,995.83 USD)]; and an amount of interest at the rate of six percent (6%) *per*

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                    Page -9-
==============================================================

*annum* as required by Rule F [one million five hundred twenty nine thousand two hundred seventy nine USD dollars with seventy five cents ($1,529,279.75 USD)].

WHEREFORE, the plaintiff-petitioners most respectfully pray that:

1.      Pursuant to 28 U.S.C. § 30511(c) and Supplemental Rule F, the District Court enjoin the further prosecution of any and all lawsuits already commenced, and the commencement or prosecution of any and all subsequent lawsuits of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motions in such actions against the *Cape Bruny* plaintiffs, the *M/T Cape Bruny*, or any property of the Cape Bruny plaintiffs, or insurers and underwriters of the *Cape Bruny* plaintiffs, or of the *M/T Cape Bruny*, except in this Exoneration and Limitation action, to recover damages for or with respect to any loss, damage, injury or expense arising out of or connected with the incident which occurred on October 23, 2009 that is the subject of this Complaint, until the hearing and determination of this proceeding.

2.      The District Court approve the *Ad Interim Stipulation* and Letter of Undertaking submitted herein in the amount of twenty seven million seventeen thousand two hundred seventy five US dollars with fifty eight cents ($27,017,275.58 USD); as well as the deposit of one thousand US dollars ($1,000.00 USD) for Court costs, pursuant to Rule F(1) of the Local Rules, for purposes of this Exoneration and Limitation proceeding.

3.      The District Court cause a Notice to be issued to all persons, firms, and corporations having, or alleging to have, claims by reasons of the matters and happenings recited above admonishing them to appear and file their claims with the

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                        Page -10-
==============================================================

Clerk of this District Court, on or before a date to be fixed by the District Court and as specified in the Notice, or to be forever barred and permanently enjoined from making or filing any such claims, and also to Answer, all and singular, the premises of this Complaint.

4.      That the District Court adjudge that the *Cape Bruny* plaintiffs, their insurers and underwriters, and the *M/T Cape Bruny*, are exonerated, that is that they are not liable for any damages, demands, or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters or happenings recited in this Complaint.

5.      That in the alternative, if this District Court should adjudge that the *Cape Bruny* plaintiffs are liable to any extent in the premises, the District Court then adjudge that the liability of the *Cape Bruny* plaintiffs and their insurers and underwriters shareholders, managers and agents shall be limited to the amount of their interest in the *M/T Cape Bruny* and its pending freight, at the end of the voyage that is the subject of this Complaint, as per 46 U.S.C. § 30511; and in that event, the amount representing the value of the *Cape Bruny* plaintiffs interests in the *M/T Cape Bruny* shall be divided prorate among the claimants having made due proof of their respective claims; and that a decree be entered discharging the *Cape Bruny* plaintiffs, the *M/T Cape Bruny*, and their insurers and underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against the *Cape Bruny* plaintiffs, the *M/T Cape Bruny*, their insurers or

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                                          Page -11-
=========================================================

underwriters, in consequence of, or arising out of, or connected with, the matters and

happenings recited in the above and foregoing Complaint.

6.      That the *Cape Bruny* plaintiffs, and the *M/T Cape Bruny* have such other

and further relief in the premises as may be just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22nd day of April, 2010.


                              s/J. Ramón Rivera-Morales
                              USDC-PR No. 200701
                              Manolo T. Rodríguez-Bird
                              USDC-PR No. 203607
                              Jorge F. Blasini-González
                              USDC-PR No. 213001
                              JIMENEZ, GRAFFAM & LAUSELL
                              *Attorneys for Cape Bruny Tankschiffarts*
                              *  GmbH and Co. KG*
                              *and Cape Bruny Shipping Company Ltd.*
                              PO Box 366104
                              San Juan, PR 00936-6104
                              Tel. 787-767-1030 / Fax 787-751-4068
                              E-Mail: rrivera@jgl.com